IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AARON A. BEAUCHAMP, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | C.A. No. 4:24-cv-157-SDJ-BD |
| | § | |
| USHEALTH ADVISORS, L.L.C., | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant USHEALTH Advisors, L.L.C. ("USHA") files this Motion to Dismiss Plaintiff Aaron A. Beauchamp's ("Plaintiff") Second Amended Complaint [Dkt. 20] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion") and states:

## I. INTRODUCTION

On January 19, 2024, Plaintiff filed a facially deficient Petition against USHA in the Justice of the Peace Court in Collin County, Texas, Precinct 1. In his Petition, Plaintiff alleged—with no supporting facts—19 violations of the Telephone Consumer Protection Act ("TCPA") due to phone calls and text messages allegedly made and sent by USHA to a phone number registered on the national Do Not Call list. On February 23, 2024, USHA removed the case to this Court based on federal question jurisdiction, after which, the Court entered an Order and Advisory, giving the parties deadlines to replead to comply with the Federal Rules of Civil Procedure and the Court's Local Rules. [Dkt. 5.] However, Plaintiff failed to timely amend his Petition.

As such, on May 3, 2024, USHA filed a motion to dismiss, or for a more definite statement, so that it could, at the very least, sufficiently prepare a defense or assess the alleged claim at issue. [Dkt. 10.] In response, Plaintiff belatedly sought to amend his Petition. [Dkt. 11.] On May 29,

2024, USHA filed another Motion to Dismiss Or, in the Alternative, for a More Definite Statement, which sets out the necessary elements to sufficiently allege various TCPA violations. [Dkt. 15.] On June 20, 2024, Plaintiff filed his (a) Motion for Leave to file a Second Amended Complaint (the "Second Amended Complaint"); and (b) Response to the Motion to Dismiss. [Dkts. 19-21.] However, despite his repeated chances at pleading his case, Plaintiff is still no closer to correcting the defects that doomed his original complaint. Relevant here, Plaintiff makes the following allegations in his Second Amended Complaint:

- "In November of 2023, Plaintiff received several text messages that were generated by Defendant's ATDS." [Dkt. 20, ¶ 7.]
- "Plaintiff's phone number is 469.525.6741." [Dkt. 20, ¶ 7.]
- "During November of 2023, Defendant called Plaintiff's telephone number." [Dkt. 20, ¶ 9.]
- "Defendant initiated such calls utilizing an ATDS, as reflected by the 19 calls from two different phone numbers, some of which are minutes apart." [Dkt. 20, ¶¶ 7(i)-(xix) & 10.]
- "The calls contained an artificial or prerecorded voice message." [Dkt. 20, ¶ 11.]
- "Plaintiff discovered the source of the calls came from Defendant. In fact, Plaintiff discovered the identity of the agent through LinkedIn." [Dkt. 20, ¶ 8.]

Plaintiff's factual allegations simply mimic the elements of Section 227(b) of the TCPA, thereby failing to state a claim for relief. For this reason (and those that follow), the Court should dismiss the Second Amended Complaint in its entirety under Rule 12(b)(6).

## II. ARGUMENTS AND AUTHORITIES

### A. THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6).

#### 1. Legal Standard.

Plaintiff's claims against USHA must be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Federal Rule

of Civil Procedure 12(b)(6), a plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Naked assertions will not suffice, and conclusory statements unsupported by factual content are not accepted as true. *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 664. The complaint must contain sufficient factual allegations that, if accepted as true, "nudge [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S at 570. A claim has facial plausibility only when the plaintiff pleads facts that allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. at 678. Specifically, Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). While the Court must accept all factual allegations as true, that "tenet … is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

**2. Plaintiff's Factual Allegations Do Not Plausibly Suggest a Claim for Relief.**

A violation of Section 227 of the TCPA occurs when:

> Any person within the United States . . . make[s] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice… to a cellular telephone service… or any service for which the called party is charged for the call…

47 U.S.C. § 227(b)(1)(A)(iii).

That is, to survive a Rule 12(b)(6) motion to dismiss violation(s) of the TCPA, a plaintiff must allege that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Adams v. Safe Home Sec. Inc.*, No. 3:18-CV-03098-M, 2019 WL 3428776, at *1 (N.D. Tex. July 30, 2019) (quoting *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (internal quotation omitted)). Indeed, although courts in the Fifth Circuit "have held that a plaintiff can survive a motion to dismiss by pleading different facts in his complaint that implicitly illustrate the necessary TCPA elements… the plaintiff *must still plead sufficient facts* illustrating the TCPA elements." *Horton v. Nat'l Republican Senatorial Comm.*, No. 3:22-CV-1000-G-BK, 2023 WL 372066, at *4 (N.D. Tex. Jan. 23, 2023) (emphasis added).

i. Insufficient Allegations to Plausibly Allege Calls to a Cellular Phone

Here, the Second Amended Complaint falls short because Plaintiff's factual allegations essentially amount to a restatement of the elements of the TCPA, and nothing more. That is, echoing Section 227 of the TCPA, Plaintiff alleges that: (1) USHA called Plaintiff's telephone number; (2) using an ATDS or an artificial or prerecorded voice; and (3) without Plaintiff's prior express consent. [*See* Dkt. 20, ¶¶ 9-12.] At the outset, Plaintiff does not even sufficiently restate the law with his vague allegations as he does not allege that USHA called Plaintiff's *cellular* telephone number, or for that matter, any phone number for which Plaintiff would be "charged for the call," but instead, generically contends that a "telephone number" was called. *See* 47 U.S.C. § 227(b)(1)(A)(iii). While Plaintiff alleges his phone number is "469.525.6741," and that he received "several text messages," he does not allege that he received text messages at the 6741 number. [Dkt. 20, ¶ 7.] As such, Plaintiff does not allege sufficient facts for the Court to infer that the 6741

number is a cellular telephone number, and thus fails to allege one of the crucial elements that must be pled to survive a Rule 12(b)(6) motion. *Adams*, 2019 WL 3428776, at *1.

ii. Insufficient Allegations to Plausibly Allege Use of an ATDS

Plaintiff further fails to sufficiently plead the second element of the TCPA: use of an ATDS. The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Providing additional context, the Supreme Court of the United States explained that, to qualify as an ATDS, a device used to place a call "must have the capacity *either* to *store* a telephone number *using a random or sequential [number] generator* or to *produce* a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 398 (2021) (emphasis added); *see also Dominguez v. Yahoo!, Inc.*, No. CV 13-1887, 2017 WL 390267, at *2 (E.D. Pa. Jan. 27, 2017), *aff'd*, 894 F.3d 116 (3d Cir. 2018) (explaining that an ATDS must use a "random or sequential" number generator to either store or produce numbers and that "the phrase refers to the numbers themselves rather than the manner in which they are dialed"). Which means, in alleging use of an ATDS, Plaintiff must include some "factual content" establishing that USHA used a random or sequential number generator to either "store" or "produce" the telephone number in question. *See Iqbal*, 556 U.S. at 678. Plaintiff has failed to do so.

"Simply alleging the use of an ATDS, without more, is insufficient to sustain a TCPA claim." *Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-00337-M, 2017 WL 10486988, at *3 (N.D. Tex. Nov. 2, 2017) ("[W]ell-pled allegations of an ATDS rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used."); *see also Adams*, 2019 WL

3428776, at *1 (acknowledging that a plaintiff may face difficulty "in knowing the type of calling system used without the benefit of discovery" so instead, a plaintiff "can plead facts about the details and circumstances of the calls", including "a description of the calls… to establish use" of an ATDS). Here, providing no "details" and/or "circumstances" and/or "description" of the calls or text messages, Plaintiff merely alleges that USHA used an ATDS to text and/or call him. [*See* Dkt. 20, ¶¶ 5, 7-8.] That, alone, does not suffice to state a claim. *Facebook, Inc.*, 592 U.S. at 398. With respect to the "several text messages," Plaintiff does not allege any details of same—this is insufficient. *See, e.g.*, *Suttles v. Facebook, Inc.*, 461 F. Supp. 3d 479, 484-87 (W.D. Tex. 2020). With respect to the alleged telephone calls, Plaintiff's factual support to plausibly allege an ATDS violation is limited to simply listing "19 calls from two different phone numbers, some of which are minutes apart." [Dkt. 20, ¶¶ 7(i)-(xix) & 10.] But this does not support an inference of ATDS use: "the ability to call many numbers quickly does not hinge on the equipment's capacity for 'generating [random or sequential] numbers and then dialing them.'" *See, e.g.*, *Forteza v. Vehicle Serv. Dep't*, No. 3:23-CV-874-L-BN, 2024 WL 2868271, at *5 (N.D. Tex. Apr. 22, 2024) (quoting *Perez v. Quicken Loans, Inc.*, No. 19-cv-2072, 2020 WL 1491145, at *2 (N.D. Ill. Mar. 27, 2020)), *report and recommendation adopted*, No. 3:23-CV-874-L-BN, 2024 WL 2869354 (N.D. Tex. June 6, 2024). In other words, because Plaintiff failed to properly allege USHA used a random or sequential number generator to either "store" or "produce" the number in question, he has failed to properly allege the use of an ATDS—and thus, he has failed to state a claim upon which relief can be granted. *See Facebook, Inc.*, 592 U.S. at 398.

iii. No Facts Alleged to Support Use of an Artificial or Prerecorded Voice

Additionally, again parroting Section 227(b) of the TCPA, Plaintiff alleges that the telephone calls contained an artificial or prerecorded voice. [Dkt. 20, ¶ 11.] However, the Fifth

Circuit has held that "[t]o be liable under the 'artificial or prerecorded voice' section of the TCPA ... a defendant must make a call and an artificial or prerecorded voice must actually play." *Ybarra v. Dish Network, LLC*, 807 F.3d 635, 640 (5th Cir. 2015); *see McGrath v. Conn Appliances, Inc.*, No. 4:19-CV-1930, 2020 WL 109936167, at *6 (S.D. Tex. Oct. 30, 2020) (finding that a plaintiff established a separate basis for TCPA liability under the "artificial or prerecorded voice" section of the TCPA because he "identifie[d] the times and dates of seven calls that resulted in the delivery of artificial voice or pre-recorded messages to [his] voicemail box… state[d] that he listened to each recording, and that each identified [the defendant] as the caller."). Because Plaintiff does not allege anything more than the mere presence of an artificial or prerecorded voice, he has not adequately pled liability pursuant to the "artificial or prerecorded voice" section of the TCPA. *Ybarra*, 807 F.3d at 640.

iv. Insufficient Allegations to Tie Conduct to USHA

Finally, and perhaps most importantly, Plaintiff neglects to allege sufficient facts to connect the telephone calls to USHA. Instead, Plaintiff simply alleges that he "discovered the source of the calls came from Defendant" because he "discovered the identity of the agent through LinkedIn." [Dkt. 20, ¶ 8.] Plaintiff does not provide any details regarding the identity of the agent or of his conversations with the unnamed agent. [*See* Dkt. 20, ¶ 8.] The Second Amended Complaint does not sufficiently allege any agency theory that could support a claim for vicarious liability.

In dismissing a plaintiff's Section 227(b) claims due to the plaintiff's failure to adequately state a claim,[1] including failure to connect the defendant to the alleged conduct, the court in *Cunningham v. TechStorm, LLC* painstakingly explained:

[1] Notably, the plaintiff in *TechStorm* pled many more facts than the Plaintiff in this case. Specifically, that plaintiff alleged that "he received one or more phone calls to his cellphone, made by an automatic telephone dialing system ...

> Nor does the Amended Complaint adequately plead facts from which the Court could conclude that the Defendant is liable for the misconduct alleged. The Court recognizes that the Amended Complaint need not identify the specific telephone number called to sustain Plaintiff's claim. *Crawford v. Target Corp.*, 3:14-cv-0090, 2014 WL 5847490, at *3 (N.D. Tex. Nov. 10, 2014) (finding that "a plaintiff's specific telephone number is not essential to providing a defendant notice of the conduct charged"). However, the Amended Complaint contains no facts, such as the source of or phone number making the calls, indicating that *this* Defendant is responsible for the calls received by Plaintiff. *See Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012). The Amended Complaint claims "receipt of a recorded message made by [D]efendant," but contains no additional facts identifying Defendant specifically, such as by a phone number or the contents of the message. Am. Compl. ¶ 8. Concerning one call, the Amended Complaint states that "no name was given for the entity placing the call and even the agents only stated who they were calling from after the Plaintiff asked repeatedly," but never states that the agents identified the Defendant as the source of that call. *Id.* ¶ 13. Thus, the Court concludes that Plaintiff has failed to plead adequate facts connecting Defendant with the alleged misconduct.

No. 3:16-CV-2879-M, 2017 WL 721079, at *2 (N.D. Tex. Feb. 23, 2017) (emphasis in original). As in *TechStorm*, here, Plaintiff has not alleged a single fact—no name, no message content—to indicate that USHA is responsible for the calls. Instead, Plaintiff simply alleges he discovered the calls came from USHA because he discovered the identity of an unnamed agent through LinkedIn. [Dkt. 20, ¶ 8.] These allegations are wholly conclusory and are insufficient to permit the Court to infer that the complained-of activity was initiated by an entity acting with any authority—either actual or apparent—from USHA. *Hunsinger v. Dynata LLC*, No. 3:22-CV-00136-G-BT, 2023 WL 2377481, at *5-6 (N.D. Tex. Feb. 7, 2023), *report and recommendation adopted*, No. 3:22-CV-

---

that at least one message was left, accompanied by a brief period of dead-air time and multiple playback errors" and that the defendant "attempted over 100 phone calls, as can be the case in other instances." No. 3:16-CV-2879-M, 2017 WL 721079, at *2 (N.D. Tex. Feb. 23, 2017). Yet, the Court still found those details insufficient to state a claim and granted the defendant's Rule 12(b)(6) motion. *Id*. at *3.

0136-G-BT, 2023 WL 2386710 (N.D. Tex. Mar. 4, 2023). Accordingly, Plaintiff has failed to adequately plead facts to connect USHA with the alleged misconduct. *Id.*

A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Beauchamp does not effectively plead the elements of the TCPA. He does not even manage to connect USHA with the alleged misconduct. Because Plaintiff fails to advance a plausible claim for relief, his Second Amended Complaint should be dismissed under Rule 12(b)(6).

## III. CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, the Second Amended Complaint's bare-bones recital of the elements of the TCPA fails to meet the pleading standards necessary to withstand dismissal scrutiny under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Therefore, the Court should dismiss the Second Amended Complaint against USHA.

Dated: November 22, 2024

Respectfully submitted,

By: */s/ Andrew G. Jubinsky*
Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Cameron E. Jean
Texas Bar No. 24097883
cameron.jean@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, TX 75202
(214) 939-2000
(214) 939-2090 (Fax)

ATTORNEYS FOR DEFENDANT
USHEALTH ADVISORS, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that all attorneys and/or parties deemed to accept service of the above-referenced document electronically will be notified via the Court's CM/ECF system, and all others will be notified via certified mail, return receipt requested, on November 22, 2024.

*/s/ Andrew G. Jubinsky*
Andrew G. Jubinsky